UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CARMEN YVETTE WARE and ) | |
| GERALD L. WARE, ) | |
| ) | |
| *Plaintiffs,* ) | |
| v. ) | No.1:07-cv-172 |
| ) | *Edgar* |
| C.R. BARD, INC. and/or d/b/a ) | |
| BARD ACCESS SYSTEMS, INC., ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM**

Plaintiffs Carmen Yvette Ware and Gerald L. Ware bring this action for relief pursuant to the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 29-28-101 et seq. ("TCPA"). The Plaintiffs originally filed their complaint in the Circuit Court of Hamilton County, Tennessee. Defendants C.R. Bard, Inc. and/or d/b/a Bard Access Systems, Inc. ("Bard") removed the action to this court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. [Court Doc. No. 1]. Prior to filing its answer to the complaint, Bard filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Court Doc. No. 3]. Plaintiffs oppose the motion to dismiss, and they have also filed an amended complaint. [Court Doc. Nos. 5, 9].

The Court has reviewed the relevant pleadings and applicable law relating to this motion and has determined that Bard's motion to dismiss will be DENIED as moot. Bard's request for oral argument pertaining to its motion to dismiss will also be denied as moot.

**I.     Background**

Plaintiffs' original complaint alleges that Bard manufactures devices known as "port-a-

caths," devices implanted internally for the administration of intravenous medications. [Court Doc. No. 1-2]. Plaintiffs contend that Bard promoted its port-a-caths as suitable for the long-term administration of medications with a lifespan of up to 10 years. The original complaint alleges that Carmen Ware underwent surgery for placement of a Bard port-a-cath on September 5, 2005 for the purpose of the infusion of chemotherapeutic medication for the long-term treatment of breast cancer. Plaintiffs allege that the device remained sealed in its original box until Carmen Ware's surgeon removed it immediately prior to the surgery. Ms. Ware received medications via the port-a-cath for about two months during October and November of 2005.

Plaintiffs allege that around June 7, 2006 Ms. Ware complained to her doctor of heart fluttering, chest pain, perspiration, shortness of breath, dizziness, weakness and near fainting. [Court Doc. No. 1-2]. Ms. Ware received a chest X-ray and an electrocardiogram ("EKG"). Her physicians asked her to return to the hospital, and on June 8, 2006, Ms. Ware underwent surgery to remove the port-a-cath, which had allegedly traveled to her heart causing "life threatening abnormal rhythms of the heart." *Id.* Ms. Ware's physicians informed her that the port-a-cath had broken loose and traveled to her heart. They further informed her that while having the port-a-cath travel to the heart is an uncommon occurrence, if it does happen at all, it is not until five or ten years after implantation. *Id.*

Plaintiffs assert that Ms. Ware remained in the hospital for three days following surgery to remove the port-a-cath. She allegedly experienced pain due to the surgery and wandering port-a-cath, as well as substantial medical expenses and lost time from work. The first complaint alleges a claim of tortious misrepresentation, breach of the implied warranties of merchantability and fitness for a particular purpose, and violation of the TCPA.

Bard moved to dismiss Plaintiffs' original complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Court Doc. No. 3]. Prior to this court's ruling on Bard's motion to dismiss, Plaintiffs filed an amended complaint. [Court Doc. No. 9].

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). The U.S. Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**III.    Analysis**

Plaintiffs point out that Fed. R. Civ. P. 15(a) allows them to amend their complaint once as a matter of right before a responsive pleading is served. The rule states in relevant part: "[a] party may amend the party's pleading once as a matter of course at any time before a responsive

pleading is served." Fed.R.Civ.P. 15(a). Further, it is well-established that a motion to dismiss does not constitute a responsive pleading. *See e.g., Youn v. Track, Inc.*, 324 F.3d 409, 415 n.6 (6th Cir. 2003); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000); *United States v. Snyder*, 2007 WL 1029781, No. 06cv0141 *1 (W.D. Penn. April 2, 2007); *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002). The term "responsive pleading" is defined in Fed. R. Civ. P. 7(a) and includes only a complaint, an answer to a complaint or cross-claim, a third-party complaint and answer thereto, and a reply to a counterclaim. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003); Fed. R. Civ. P. 7(a).

Bard has not yet filed its answer to the complaint, thus under Fed. R. Civ. P. 15(a), Plaintiffs have the absolute right to amend their complaint without leave of this court. Therefore, Bard's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) has been rendered moot by Plaintiff's filing of their amended complaint. *See e.g., Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (citing *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 239-40 (D. Del. 1992)); *Chandler v. Cheesecake Factory Restaurants, Inc.*, 239 F.R.D. 432, 440 n.5 (M.D.N.C. 2006); *Turner v. Kight*, 192 F.Supp.2d 391, 397 (D. Md. 2002). This court will thus DENY the motion to dismiss the original complaint as moot.

In the event that Bard is tempted to bring another motion to dismiss pursuant to Rule 12(b)(6), this court has reviewed the amended complaint and has determined that Plaintiffs have corrected the flaws Bard noted in its initial motion to dismiss.

The TCPA covers several different theories of product liability, including strict liability,

negligence, and breach of implied warranty. *See Harwell v. American Medical Sys., Inc.*, 803 F.Supp. 1287 (M.D. Tenn. 1992). Tennessee courts and federal courts interpreting the TCPA have agreed on certain requirements to state a claim under the TCPA. For example, in *Higgs v. General Motors Corp.*, this court noted:

> [i]ndeed, it makes no difference whether the complaint is couched in terms of negligence, strict liability or breach of warranty, it has generally been held in the State of Tennessee that in order for a plaintiff to recover under any theory of product liability, the plaintiff must establish that the product was defective and unreasonably dangerous at the time the product left the control of the manufacturer.

655 F.Supp. 22, 23 (E.D. Tenn. 1985); *see also, Harwell*, 803 F.Supp. at 1296; Tenn. Code Ann. §§ 29-28-105(a); *Browder v. Pettigrew*, 541 S.W.2d 402, 404 (Tenn. Sup. Ct. 1976); *Tatum v. Cordis Corp.*, 758 F.Supp. 457, 460 (M.D. Tenn. 1991).

Plaintiffs' amended complaint states that "[d]efendants designed, manufactured, tested, inspected, and/or distributed, in a negligent manner, the port-a-cath device, which was defective and unreasonably dangerous." [Court Doc. No. 9, ¶ XV]. The amended complaint further suggests that after leaving the control of Bard, the port-a-cath device had remained untouched before being inserted into Ms. Ware. *See id.*, ¶ VIII. Thus, Plaintiffs have sufficiently alleged that the specific port-a-cath device inserted into Ms. Ware was defective and unreasonably dangerous to survive a motion to dismiss.

Tennessee law provides that under the TCPA a defendant may be liable for a misrepresentation where there is "proof of a misrepresentation of a material fact, made to the public, with respect to the character and quality of the product, which is false and upon which the consumer is expected to justifiably rely." *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 97

(Tenn. Ct. App. 1996) (citing Restatement (Second) of Torts § 402B); *see also, Coffey v. Dowley Manuf., Inc.*, 187 F.Supp.2d 958, 970 (M.D. Tenn. 2002); *Withrow v. First Tennessee Bank Nat. Ass'n*, 2006 WL 2981295 No. 3:04cv546 *3 (E.D. Tenn. Oct. 16, 2006); *John Martin Co., Inc. v. Morse-Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. Sup. Ct. 1991). While mere puffing does not count as a misrepresentation under Tennessee law, "the question of whether a particular statement amounts to an actionable misrepresentation will generally be left to the jury whenever the circumstances indicate that the buyer reasonably understood that he or she was receiving something in the way of an assurance as to specific facts." *Ladd*, 939 S.W.2d at 100.

Plaintiffs' amended complaint alleges that "[d]efendants have engaged in substantial advertising campaigns to promote the sales of its [sic] products, including the port-a-cath, which advertising stresses the *quality*, utility, durability, safety, and *longevity* of said device." [Court Doc. No. 9, ¶ IV]. The amended complaint further states:

> Prior to consent to the placement of the device, the physician and plaintiff discussed the relative safety of the catheter with some risks of infection and thrombosis reported; durability; longevity, which was purported to be approximately 10 years; and utility of the port-a-cath device based on the physicians [sic] experience and representations by the defendants, which were strongly relied upon by the plaintiff, Carmen Ware, in deciding to have the portacath device inserted for long term treatment of breast cancer, including the administration of chemotherapy over a two month period as opposed to less invasive and dangerous shorter term catheters such as bi-weekly intravenous catheter and/or one time PICC line insertion.

*Id.* at ¶ VII. Plaintiffs allege that Bard misrepresented the "quality, longevity, and safety of the port-a-cath device." *Id.* at ¶ XIII.

It is true that Tennessee courts apply the heightened pleading requirements of Rule 9.02 to TCPA claims. *See e.g., Scraggs v. La Petite Academy, Inc.*, 2006 WL 2711689 No. 3:05cv539

(E.D. Tenn. Sept. 21, 2006); *Harvey v. Ford Motor Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999). However, the appellate court in *Harvey* also noted that "[d]espite Rule 9.02's particularity requirements, we must determine the sufficiency of the claims in light of Tenn.R.Civ.P. 8.01's liberal pleading standards." 8 S.W.3d at 275-76 (citing *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992)). Under Tennessee law national advertising campaigns can amount to misrepresentations if relied upon by the plaintiff. *See Ladd*, 939 S.W.2d at 96-98; *Harvey*, 8 S.W.3d at 276 (noting that "plaintiffs must at least allege that they were exposed to the offensive conduct" of the misleading advertisements).

Plaintiffs' allegations of misrepresentation in their amended complaint suffice to meet the liberal pleading requirements of Fed. R. Civ. P. 8 even when considering the heightened requirements of particularity required for claims under the TCPA. *See e.g., Bell v. Infinity Data Corp.*, 2006 WL 2323133 No. 05-2361MA/V (W.D. Tenn. Aug. 9, 2006); *Beard v. Worldwide Mortgage Corp.*, 354 F.Supp.2d 789, 799 (W.D. Tenn. 2005) (noting that "[t]he principal purpose for the Fed.R.Civ.P. 9(b) particularity requirement, when considered in context with Fed.R.Civ.P. 8, is to ensure that the defendant receives fair notice of the alleged misconduct or fraudulent acts of which the plaintiff complains in order to prepare a responsive pleading").

Plaintiffs assert in their amended complaint that Bard engaged in advertising campaigns emphasizing the longevity and quality of its port-a-cath devices. Plaintiffs further allege that the device was defective and unreasonably dangerous and that Ms. Ware relied on the information provided by Bard in deciding to have her surgeon implant the port-a-cath. Plaintiffs assert that Ms. Ware's surgeon placed the port-a-cath in Ms. Ware on September 5, 2005, so her discussions with him regarding Bard's advertisements and claims of quality and longevity must have

occurred sometime around, but prior to, September 5, 2005. Plaintiffs allege that the port-a-cath failed after only nine months of use, despite Bard's promotion of it as a long-term device. Bard has fair notice of the alleged misrepresentations sufficient to prepare a responsive pleading. Thus, Plaintiffs have sufficiently alleged a claim for misrepresentation under Tennessee law in their amended complaint.

### III.     Conclusion

After reviewing the record and the applicable law, the Court concludes that Bard's motion to dismiss the complaint will be **DENIED** as moot.

A separate order will enter.

```
         /s/ R. Allan Edgar         
            R. ALLAN EDGAR
         UNITED STATES DISTRICT JUDGE
```